UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NIKOLAOS MATSI MACI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-201 |
| | § | |
| PAUL HABLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On November 14, 2019, Petitioner Nikolaos Matsi Maci filed a Plaintiff/Petitioner Emergency Motion to Stay/Withhold Deportation (Doc. 7), requesting that the Court enjoin his "unlawful and forcible deportation" so he can pursue the causes of action he alleges against Respondents.

A temporary restraining order is an equitable remedy that may be granted only if the movant satisfies four requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Sunbeam Products, Inc. v. West Bend Co.,* 123 F.3d 246, 250 (5th Cir. 1997); FED. R. CIV. P. 65. Failure to establish any of these elements results in the denial of the motion for injunctive relief. *Guy Carpenter & Co. v. Provenzale,* 334 F.3d 459, 464 (5th Cir. 2003) (citation omitted). Such relief is an extraordinary remedy that requires the applicant to unequivocally show the need for its issuance. *See Valley v. Rapides Parish Sch. Bd.,* 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).

Petitioner's Emergency Motion lacks clarity, but it appears that he seeks an order that would enjoin enforcement of an issued Order of Removal. (Emergency Motion, Doc. 7, 1 ("[Respondents] are trying with treads to enforce an unlawful and forcible deportation of

[Petitioner] **within next days**." (emphasis in original))[1]  Petitioner bears the burden to demonstrate that the Court has jurisdiction to issue the requested relief.  Based on his allegations, he fails to satisfy this burden and, as a result, has not demonstrated a substantial likelihood of success on the merits.

In 2005, the REAL ID Act modified "jurisdictional provisions of the Immigration and Nationality Act, altering the way in which noncitizens can seek judicial review of administrative orders of removal."  *Jean v. Gonzales*, 452 F.3d 392, 396 (5th Cir. 2006); *see also Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007).  As a general matter, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien."  8 U.S.C. § 1252(g); *see also Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (citing 8 U.S.C. § 1252(g)).  As to orders of removal entered or issued under Section 1252, "a petition for review filed with an appropriate *court of appeals* in accordance with this section shall be the sole and exclusive means for judicial review".  8 U.S.C. § 1252(a)(5) (emphasis added).

Certain exceptions exist under 8 U.S.C. § 1252(e) that create jurisdiction over habeas corpus proceedings in federal district courts to review certain orders of removal issued under Section 1252(b)(1).  But such review is limited to enumerated issues, such as determining whether a petitioner is an alien.  *See* 8 U.S.C. § 1252(e)(2)(A).  Petitioner's allegations do not suggest that any of the exceptions would apply in this case.  As a result, the Court concludes that it lacks jurisdiction to consider Petitioner's requested relief.

---

[1] If no Order currently exists that would lead to Petitioner's removal or deportation, he would fail to establish that he is at risk of suffering irreparable injury absent the requested injunctive relief.

Accordingly, it is:

**ORDERED** that the Plaintiff/Petitioner Emergency Motion to Stay/Withhold Deportation (Doc. 7) is **DENIED**.

SIGNED this 15th day of November, 2019.

_____
Fernando Rodriguez, Jr.
United States District Judge