IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NIKOLAOS MATSI MACI, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-cv-201 |
| | § | |
| PAUL HABLE, et al., | § | |
| Defendants. | § | |

## <u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

On October 25, 2019, Plaintiff Nikolaos Matsi Maci filed a complaint, which invoked <u>habeas</u> corpus, tort and civil rights claims to relief. Dkt. No. 1. The complaint was filed against Immigration Judge Paul Hable; the DHS Inspector General; the Deputy Chief Counsel of DHS and Attorney General William Barr (collectively "Defendants"). <u>Id</u>.

On November 13, 2019, the Defendants filed a motion to dismiss. Dkt. No. 5. On November 19, 2019, Maci filed a response. Dkt. No. 15. On June 30, 2020, Maci was removed from the United States to Greece. Dkt. No. 65.

After reviewing the record and the relevant case law, it is recommended that the motion to dismiss be granted. Maci's removal from the United States moots his <u>habeas</u> claim. At the same time, Maci's tort and civil rights claims are barred by various federal laws; seek relief against defendants who are immune from relief; and fail to state a claim upon which relief can be granted.

## I. Background

### A. Factual Background

Maci is a "native of Albania" and a "citizen of Greece." Dkt. No. 1-3, p. 92. On December 11, 2018, Maci was ordered removed to Greece after overstaying his visa in the United States. <u>Id</u>., p. 98. In January 2019, Maci was removed to Greece. Dkt. No. 5-1.

On July 13, 2019, Maci presented himself at the international bridge in Los Indios, Texas, seeking asylum in the United States. Dkt. No. 1-4, p. 106. Maci flew from Brussels

to Cancun, Mexico, before flying to Mexico City and Matamoros. Id., p. 108. He spent $1,200 in airfare traveling to the United States. Id.

Maci claimed that he feared he would be assaulted or killed if he remained in either Albania or Greece. Id., pp. 108-109. Maci claimed that the man he worked for in the United States would have him beaten – in Albania or Greece — because he had reported the man to the U.S. authorities for committing insurance fraud. Id.

On August 14, 2019, Maci was given a credible fear interview as part of his claim to asylum. Dkt. No. 1-4, p. 31. Maci alleges that he was forced "to accept a fake, untimely and/or non-applicable" asylum interview. Dkt. No. 1, p. 1.

On August 16, 2019, the asylum officer concluded that Maci did not meet the standard for asylum. Dkt. No. 1-4, p. 26. Maci requested that this decision be reviewed by an immigration judge. Id.

On August 22, 2019, Immigration Judge Paul Hable reviewed the credible fear determination. Dkt. No. 1-4, p. 54. After hearing testimony and reviewing the evidence, Judge Hable affirmed the asylum officer's findings and ordered that Maci be sent to the Department of Homeland Security for removal from the United States. Id. Maci alleges that the decision denying him asylum applied the wrong legal standard and used an improper evidentiary burden. Dkt. No. 1, p. 1.

On August 26, 2019, Maci filed a motion for reconsideration with the Immigration Judge. Dkt. No. 41, p. 1-2. On September 30, 2019, the motion for reconsideration was denied. Id. Maci filed several more motions with the Immigration Judge attacking the denial of asylum; all of them were denied. Id.

On December 26, 2019, Maci filed three motions to amend his complaint to add new defendants. Dkt. Nos. 34, 35, 36. Maci sought to add claims against the private contractors who are employees of the detention facility where he was being held. Id. He claimed that they violated his rights to "due process of law, freedom of speech" and they engaged in conduct, such as "intentionally delaying and obstructing justice, abuse of unlawful power, tampering with the witness, evidence and court records, harassment, intimidation [and] threatening." Dkt. No. 34, p. 2. Maci also seeks relief against the

Assistant United States Attorney who represents the Defendants as well as detention officers for actions taken during an attempted unsuccessful removal[1] from the United States in December 2019. Dkt. No. 35. Maci also seeks relief based on the "body damages from the hunger strikes" that he went on to force the detention officers to treat him better. Dkt. No. 36.

At the time that the complaint was filed in this case, Maci was detained at the Port Isabel Detention Center. Dkt. No. 1. He was later moved to the Irwin County Detention Center in Ocilla, Georgia. Dkt. No. 45. On June 30, 2020, Maci was removed from the United States to Greece, his country of citizenship. Dkt. No. 65.

**B. Procedural History**

On October 25, 2019, Maci filed a 33-page complaint with 300 additional pages of exhibits. Dkt. No. 1. The complaint raises three overarching claims, which the Court restates as follows: (1) Maci is entitled to immediate release, via <u>habeas</u> corpus; (2) Maci is entitled to damages, pursuant to 42 U.S.C. § 1983, for being held illegally; and (3) a tort claim for unlawful imprisonment. Dkt. No. 5.

On November 13, 2019, the Defendants filed a motion to dismiss. Dkt. No. 5. As to the <u>habeas</u> claim, the Defendants argue that the Court lacks jurisdiction, because there is no judicial review of the denial of asylum. <u>Id</u>., p. 7. As to the § 1983 claim, the Defendants argue that § 1983 is inapplicable to claims against federal officials and that even if a civil rights claim could be maintained, they are entitled to statutory immunity under 8 U.S.C. § 1252(g). <u>Id</u>. As to the tort claim, the Defendants argue that Maci failed to file an administrative claim under the Federal Tort Claims Act, 28 § U.S.C. 2675(a), prior to filing suit, which precludes jurisdiction for such a claim, and that the claim is also barred by § 1252(g). <u>Id</u>.

On November 19, 2019, Maci filed a "motion to strike" the motion to dismiss, which the Court will treat as his response to the motion to dismiss. Dkt. No. 15. Maci asserts that the Court has jurisdiction over his claims. <u>Id</u>.

---

[1] Maci allegedly refused to board the plane. If such a refusal occurred, it may have constituted a criminal act. 8 U.S.C. § 1253(a)(1).

## II. Applicable Law

### A. Jurisdiction and Dismissal under Rule 12(b)(1)

The threshold question, before considering the substance of any claim, is whether the court possesses jurisdiction over the claim. This is the case, because federal courts are courts of limited jurisdiction, whose authority exists only within the boundaries established by Congress and the United States Constitution. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999). A plaintiff bears the burden of proving jurisdiction. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012). The plaintiff must meet this burden by a preponderance of the evidence. Brown v. Slenker, 220 F.3d 411, 419 (5th Cir. 2000).

In determining whether jurisdiction exists, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001). Conclusory allegations or "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Wells v. Ali, 304 Fed. App'x. 292, 293 (5th Cir. 2008) (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

A defendant may file a Rule 12(b)(1) motion at any time to challenge the Court's subject matter jurisdiction to hear a case. Ramming, 281 F.3d at 161. Once a defendant objects to subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction to hear the case. Id. When a defendant files a Rule 12(b)(1) motion, in conjunction with other Rule 12 motions, the Court should consider the Rule 12(b)(1) motion before addressing any other attacks on the merits. Ramming, 281 F.3d at 161.

A dismissal for lack of jurisdiction is without prejudice to refiling. Ruiz v. Brennan, 851 F.3d 464, 472 (5th Cir. 2017) (citing Davis v. U.S., 961 F.2d 53, 57 (5th Cir. 1991)).

### B. Mootness

Where a habeas action solely challenges the length of incarceration and the petitioner is released and no longer in custody, the petition is rendered moot. Lane v. Williams, 455 U.S. 624, 631 (1982) (holding that a habeas action attacking the length of

sentence is moot where the petitioner is released). When a controversy becomes moot, absent circumstances not presented here, dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is proper. Chevron, U.S.C., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1153 (5th Cir. 1993). See Odus v. Ashcroft, 61 Fed. Appx. 121, 2003 WL 342719, at *1 (5th Cir. Feb. 7, 2003) (holding that removal renders moot a habeas petition seeking release from immigration custody).

### C. Statutory Immunity

Federal law provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). "The Congressional aim of § 1252(g) is to protect from judicial intervention the Attorney General's long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders." Alvidres-Reyes v. Reno, 180 F.3d 199, 201 (5th Cir. 1999).

## III. Analysis

In analyzing Maci's claims, the Court must construe allegations by pro se litigants liberally, to ensure that his claims are given fair and meaningful consideration, despite his unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). While the Court will "read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012).

### A. Habeas Claim

Maci filed a claim for habeas corpus, seeking immediate release from custody. Dkt. No. 1. Maci has since been removed from the United States. Dkt. No. 65. Maci's removal from the United States mooted any habeas claim to relief. The sole remedy under habeas is "undoing current or future legal restraints on a person's freedom flowing from an illegal detention." Zalawadia v. Ashcroft, 371 F.3d 292, 300 (5th Cir. 2004).

Because Maci "challenged only his continued detention, his release from custody leaves nothing for this Court to remedy." Fhisihazion v. Smith, 2020 WL 873984, at *1 (S.D. Tex. Feb. 21, 2020) (citing Spencer v. Kemna, 523 U.S. 1, 18 (1998)).

Furthermore, even if Maci wanted to challenge his expedited removal order – because of any collateral consequences stemming from it – his claim would fail. When an alien is ordered removed under an order of expedited removal, the Court can only consider habeas claims that attack (1) whether the petitioner is an alien; (2) whether an expedited removal order was actually issued; or (3) whether the petitioner can prove that he or she is a lawful permanent resident or has been granted asylum. 8 U.S.C. § 1252(e)(2); see Dep't of Homeland Sec. v. Thuraissigiam, — U.S. —, 140 S. Ct. 1959, 1969 (2020) (upholding the constitutionality of the limited review afforded under § 1252(e)(2)). Maci has not shown that (1) he is not an alien; or (2) that no removal order was actually issued or (3) that he is a legal permanent resident or asylee. Accordingly, even if his claim is not mooted, he is not entitled to relief.

**B. Civil Rights & Tort Claims**

Maci has filed civil rights and tort claims against a variety of defendants, including the Attorney General; the Immigration Judge who heard his case; the asylum officer who first considered his claims; and the detention officers who held him in custody. However, no matter how these claims are styled and no matter the specific identity of the defendants, the Court lacks the jurisdiction to consider the claims.

**1. Jurisdiction**

This Court has been divested of jurisdiction to consider any of Maci's claims – irrespective of their classification as civil rights or tort claims. Under federal law, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). This statute applies to both direct reviews of immigration orders as well as collateral attacks, such a civil damages suit. Humphries v. Various Fed. USINS Employees, 164 F.3d 936, 942 (5th Cir. 1999). If the decision to commence a proceeding, adjudicate a case, or

execute a removal order is a direct cause of the alleged injury, then § 1252(g) divests the Court of jurisdiction over that civil claim. Id.

The crux of Maci's civil rights and tort claims is that he has been falsely imprisoned and falsely subjected to a removal order based on the erroneous denial of his asylum claim. Dkt. No. 1. All of those claims flow directly from the decisions made by immigration officials in adjudicating his asylum claim (the denial of the claim) and executing a removal order (placing him in custody pending his removal; attempting to remove him; and ultimately removing him from the United States). Because his claims flow from those acts, his claims "fall within the ambit of section 1252(g) and are precluded from judicial review." Foster v. Townsley, 243 F.3d 210, 214–15 (5th Cir. 2001). Thus, all of his civil rights and tort claims are barred by § 1252(g).

### 2. Judicial Immunity

Even if § 1252(g) did not bar the claims, all claims made against Judge Hable would be barred by judicial immunity. Stevens v. Osuna, 877 F.3d 1293, 1304 (11th Cir. 2017) ("the doctrine of absolute judicial immunity applies to Immigration Judges"). Thus, any claims made against Judge Hable should be dismissed on that basis.

### 3. Tort Claims

Furthermore, even if Maci's tort claims were not barred by § 1252(g), they would still fail. Maci has not filed an administrative claim with the agency prior to filing the instant suit. Pursuant to 28 U.S.C. § 2675(a), that failure precludes jurisdiction in this Court. Frantz v. United States, 29 F.3d 222, 224 (5th Cir. 1994). Stated simply, there is no evidence indicating that Maci ever filed the required administrative claim. For that reason, the Court lacks jurisdiction.

### 4. Civil Rights Claims

As to Maci's civil rights claims, were they otherwise not barred by § 1252(g), they would still fail, because they fail to state a claim upon which relief can be granted. Maci simply alleges that the Defendants violated his rights under the First, Fourth, Fifth, Sixth, Tenth, Fourteenth, and Fifteenth Amendments. Dkt. No. 1, p. 34. Maci has not alleged: (1) which of those general rights were violated; (2) which defendants violated those rights;

and, (3) the specific actions which allegedly violated his rights. In other pleadings, Maci accuses officials of "physical assault" without identifying the nature of the assault or how force was used against him. Dkt. No. 36.

In order to state a claim upon which relief can be granted, a plaintiff must plead "specific facts" as opposed to "mere conclusory allegations." Powers v. Northside Indep. Sch. Dist., 951 F.3d 298, 305 (5th Cir. 2020). Maci's civil rights claims have been pled in such a cursory way, that they fail to rise above the level of conclusory allegations. Accordingly, even if these claims somehow avoided the effect of § 1252(g), they would be subject to dismissal for failure to state a claim upon which relief can be granted.

## IV. Recommendation

It is recommended that the motion to dismiss filed by the Defendants be granted. Dkt. No. 5.

It is further recommended that the petition for habeas corpus be dismissed without prejudice as moot. Dkt. No. 44.

It is further recommended that any civil rights and tort claims be dismissed without prejudice for lack of jurisdiction.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings.

If the District Judge chooses to adopt such findings without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on July 9, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge